IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

SYLVIA YVONNE CRAWFORD )
)
    Plaintiff, )
)
v. ) Case No. 11-CV-666-JED-PJC
)
UNITED STATES OF AMERICA, )
)
    Defendant. )

## OPINION AND ORDER

This matter is before the Court on Defendant's Motion in Limine to Exclude or Limit Testimony of Plaintiff's Expert [Dkt. No. 45], Defendant's Motion for Protective Order [Dkt. No. 66], and Defendant's Motion to Strike the Report and Testimony of Plaintiff's Expert and Request for Expedited Hearing [Dkt. No. 67]. The Court has reviewed the motions and briefs of the parties and has concluded that oral argument is not necessary; therefore, the request for expedited hearing is **DENIED**. The substantive motions are addressed below.

### Background

On October 22, 2012, Defendant filed a Motion in Limine to Exclude or Limit the testimony of Plaintiff's Expert, Dr. Douglas J.E. Schuerer ("Schuerer") on the basis that Schuerer's expert report failed to provide sufficient details concerning his opinions on causation and breach of the applicable standard of care. [Dkt. No. 45]. Plaintiff counters that Schuerer's report is sufficient to meet all requirements of Fed. R. Civ. P. 26(a)(2).

1

On January 8, 2013, Plaintiff notified Defendant via email that a "video trial deposition" of Schuerer had been scheduled for February 1, 2013. [Dkt. No. 66-1]. Thereafter, on January 10, 2013, Defendant moved for a protective order enjoining Schuerer's deposition on the grounds that the deposition should have been taken prior to the discovery deadline of December 24, 2012 [Dkt. No. 66] and filed its Motion to Strike Schuerer's report and testimony. [Dkt No. 67]. Plaintiff contends that the deposition is not a discovery deposition, and therefore was not required to be taken before the discovery deadline had passed. [Dkt. No. 72].

*Applicable Legal Principles*

Federal Rule 26(a)(2) requires that each expert witness prepare and sign a written report containing his/her opinions as well as other pertinent information. The Rule requires the following:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
>
> (ii) the facts or data considered by the witness in forming them;
>
> (iii) any exhibits that will be used to summarize or support them;
>
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
>
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
>
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ .P. 26(a)(2)(B)(i)-(vi).[1]

These directives are "mandatory." *Lohnes v. Level 3 Comm., Inc.*, 272 F.3d 49, 59 (1st Cir. 2001). A litigant who fails to comply with these requirements does so at his own peril. Rule 37(c)(1) bars the use of a witness or information that was not disclosed as required by Rule 26(a) or (e) unless the offending party can establish that the failure to comply with the Rule is either substantially justified or harmless. *Kern River Gas Transmission Co. v. 6.17 Acres*, 156 Fed. Appx. 96, 101 (10th Cir. 2005). Determination of whether a violation of Rule 26(a) is justified or harmless is left to the broad discretion of the trial court. *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999). The fundamental test is whether the report is sufficiently complete that surprise is eliminated, unnecessary depositions are avoided and costs are reduced. *Dunkin' Donuts, Inc. v. Patel*, 174 F.Supp.2d 202, 211 (D.N.J. 2001) (*quoting Reed v. Binder*, 165 F.R.D. 424, 429 (D.N.J. 1996)). The court should consider the following factors: (1) prejudice or surprise to the party against whom the report is offered; (2) ability of the party to cure the prejudice; (3) extent to which introducing such testimony would disrupt the trial; and, (4) the moving party's bad faith or willfulness. *Woodworker's Supply*, 170 F.3d at 993.

Depositions are a discovery device governed by Rules 26-32 of the Federal Rules of Civil Procedure. Although, primarily a discovery tool, deposition may

---

[1] Defendant also faults Schuerer's report for failing to include a list of the case number or courts in which he has given testimony, but acknowledged that this issue had not been raised with Plaintiff and was not the basis of its Motion. [Dkt. No. 45, p. 13]. Thus, the only issue before the Court is the expert's compliance with the requirements of Rule 26(a)(2)(B)(i) and (ii).

3

also serve to preserve testimony when a witness may be unavailable for trial. *Eg.*, Fed. R. Civ. P. 32(a)(4). However, the Federal Rules of Civil Procedure do not distinguish between "discovery depositions" and "trial depositions." *Henkel v. XIM Products, Inc.*, 133 F.R.D. 556, 557 (D. Minn. 1991); *Integra Lifesciences I, Ltd. V. Merck KGaA*, 190 F.R.D. 556, 559 (S.D.Cal. 1999).[2] Thus, it is expected that, absent extraordinary circumstances, all necessary depositions will be concluded before discovery cutoff. Then, if a witness is unavailable for trial, the deposition may be used in the place of live testimony.

### *Discussion*

**A. Defendant's Motion in Limine and Motion to Strike[3]**

Neither the Federal Rules of Civil Pro nor the Fed Rules of Evidence specifically provide for motions in limine; nevertheless, the practice has developed pursuant to the court's inherent authority to manage the course of trials. *Luce v U.S.*, 469 US 38, 41 (1984); *Deghand v. Wal-Mart Stores, Inc.*, 980 F.Supp. 1176, 1179 (D.Kan.1997). The purpose of an in limine motion is to aid the trial process by enabling the Court to rule beforehand on the relevance or admissibility of certain documentary or testimonial evidence without lengthy argument at, or interruption of, the trial. *Palmieri v. Defaria,* 88 F.3d 136, 141 (2nd

---

[2] Some courts have recognized a discovery/trial deposition distinction. *Eg.*, *Mathews v. Denver Newspaper Agency LLP*, 2009 WL 112819, *2 (D. Colo. Jan. 15, 2009); *RLS Associates, LLC v. United Bank of Kuwait PLC*, 2005 WL 578917, *6-*7 (S.D.N.Y. March 11, 2005). This Court has not done so.

[3] Defendant's Motion to Strike was filed out of concern that the Motion in Limine would not be ruled upon prior to the scheduled trial deposition; the Motion to Strike adopted by reference the arguments set forth in the Motion in Limine and did not set forth any additional argument. [Dkt No. 67].

4

Cir.1996) (quoting *Banque Hypothecaire Du Canton De Geneve v. Union Mines, Inc.*, 652 F.Supp. 1400, 1401 (D.Md.1987)).  Besides saving trial time, such pretrial rulings can often save the parties time, effort and cost in preparing and presenting their cases. *Pivot Point Intern., Inc. v. Charlene Products, Inc.*, 932 F.Supp. 220, 222 (N.D.Ill.1996).  However, in limine rulings must be made wisely.  The trial judge is almost always better situated during the actual trial to assess the value and utility of evidence.  For this reason, some courts defer making in limine rulings unless the "evidence is clearly inadmissible on all potential grounds." *Hawthorne Partners v. AT & T Technologies, Inc.*, 831 F.Supp. 1398, 1400 (N.D.Ill.1993) ("Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context.").

     Defendant argues that Schuerer's testimony should be excluded or strictly limited because his expert report does not provide sufficient detail regarding who, what, when, how, why.  The purpose of a Rule 26 report is to offer a complete list of the opinions the expert witness is expected to sponsor, as well as the underlying data and analysis supporting those opinions. *See Cohlmia v. Ardent Health Svs. LLC,* 254 F.R.D. 426, 432 (N.D. Okla. 2008).  The key consideration is whether the expert report is sufficiently detailed and complete so that the opposing party can depose the witness and avoid surprise at trial. *Dunkin' Donuts*, 174 F.Supp.2d at 211.

Schuerer's Report satisfies the requirements of Rule 26(a)(2). The Report and its attachment (not submitted to the Court) describe Schuerer's qualifications and professional history, states his compensation, and lists the name of the previous case he had testified in as an expert. The Report also sets forth sufficient detail concerning his opinion and the evidence he relied upon in forming his opinion. Schuerer opines, in pertinent part: "[Plaintiff] was harmed by a delay in recognizing an anastomotic leak after her ileocolic resection. . . . The organ failure and prolonged recovery she experienced likely would not have occurred if the leak had been recognized earlier. It appears the leak occurred early in her hospital course. . . ." [Dkt. 45-1]. The Report goes on to detail evidence, discerned from medical records, which Schuerer relied on in forming his opinion. The Court finds that the Report meets the minimum requirements of Rule 26 and will neither strike nor limit Schuerer's testimony at this time. Should the need arise, Defendant can challenge Schuerer's testimony at the time of trial. Obviously, Schuerer's testimony should be limited to the opinion set forth in his expert report.

**B. Defendant's Motion for Protective Order**

Because the Federal Rules make no distinction between depositions taken for discovery purposes and "trial depositions" taken to perpetuate testimony for evidence at trial, Defendant argues that all depositions, including the noticed deposition of Schuerer had to be taken prior to the discovery deadline. Plaintiff counters that because the deposition is not for discovery purposes, but strictly for

trial purposes, the discovery deadline was inapplicable.  Plaintiff also explains that because Schuerer is a "busy surgeon" who resides and practices 395 miles away in St. Louis, Missouri, that his schedule prohibits him from appearing at the trial, and that even if he could, his rates would "go up substantially." [Dkt No. 72, p. 1-2].  The Court does not find these reasons sufficient to establish "unavailability" for purposes of Rule 32.

Furthermore, this medical negligence action requires more than the common knowledge possessed by an average juror and expert testimony will be required.  *See Harder v. F.C. Clinton, Inc.*, 948 P.2d 298, 305 (Okla. 1997).  As such, this case will come down to what is commonly referred to as a "battle of the experts."  Under such circumstances, there is a preference for witness' live testimony at trial.  *Garcia-Martinez v. City & County of Denver*, 392 F.3d 1187, 1191 (10th Cir. 2004) ("When the 'key factual issues' at trial turn on the 'credibility' and 'demeanor' of the witness, we prefer the finder of fact to observe live testimony of the witness.").

Plaintiff relies upon *Charles v. Wade*, 665 F.2d 661 (5th Cir. 1982) for the proposition that she be allowed to take the deposition of Schuerer after the discovery deadline.  In *Charles*, the Fifth Circuit found that the district court erred when it denied the plaintiff's motion for leave to depose an incarcerated witness, who was unavailable to testify at trial, on the grounds that the discovery period had ended.  *Id*. at 664.  However, as explained by another court,

> The court's decision in *Charles* is neither binding nor persuasive. The court does not cite or refer to any authority whatsoever for the distinction it makes between discovery and trial depositions. The court's decision also lacks any analysis of the wide latitude to be given to trial courts to manage their own cases. In addition, the case was decided prior to the 1993 Civil Justice Reform Act, which made significant changes to Rule 16 of the Federal Rules of Civil Procedure, including the requirement that a pretrial scheduling order be issued in most cases setting forth the time permitted to complete discovery and other matters. As such, the court's decision in *Charles* is rejected by this Court as authority for the relief Defendants seek.

*Integra*, 190 F.R.D. at 558. This Court is inclined to agree with the reasoning set forth in *Integra*. The Federal Rules make no distinction between "discovery depositions" and "trial depositions." Depositions are to be conducted during the discovery phase of litigation; there is no Rule, nor any published case by the Tenth Circuit Court of Appeals, that provides an exception and allows for "video depositions" outside the discovery deadline.

The trial date for this case was set when the Court entered its Scheduling Order on June 4, 2012. [Dkt. No. 37]. Knowing the date of trial, Plaintiff identified her expert witness and provided his expert report, as required by the Scheduling Order. It was not until January 15, 2013 (approximately one month before trial is scheduled to begin), in response to Defendant's Motion for a Protective Order, that Plaintiff indicated for the first time that Schuerer would be unavailable for trial. Moreover, there was no evidence or affidavit submitted in support of this claim. Most experts are "busy" and they commonly are required to travel in order to provide testimony for trial. Mere allegations of unavailability, increase in costs, inconvenience, or busyness are insufficient

8

reasons for this Court to permit a video trial deposition after the discovery deadline. Plaintiff has provided an insufficient and unsubstantiated reason to depose her expert witness as opposed to presenting her expert at trial. Neither party will be allowed the opportunity to depose Schuerer prior to trial. Subject to further review at the Pretrial Conference, if Plaintiff wishes to introduce the testimony of Schuerer, she should plan on presenting him live at trial.

*Summary*

The Court finds that Schuerer's Expert Report complies with the minimum requirements set forth in Rule 26 and that Defendant has provided no legal or factual basis for striking, or otherwise limiting the report or Schuerer's testimony at this time. Accordingly, Defendant's Motion in Limine [Dkt. No. 45] and Motion to Strike [Dkt. No. 67] are **DENIED**. However, Defendant's Motion for Protective Order [Dkt No. 66] is **GRANTED**.

**IT IS SO ORDERED** this 23rd day of January 2013.

_____
Paul J. Cleary
United States Magistrate Judge